**DUNNEGAN & SCILEPPI LLC**
ATTORNEYS AT LAW
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118

212-332-8300
212-332-8301 TELECOPIER

February 17, 2015

<u>Via ECF</u>

Hon. Claire C. Cecchi
United Sates District Judge
Martin Luther King Federal
  Building and Courthouse
50 Walnut Street
Newark, NJ 07101

       Re: <u>North Jersey Media Group v. SarahPAC</u>
         14-cv-553-CCC-MF

Dear Judge Cecchi:

  We represent plaintiff North Jersey Media Group in the above action, and are writing in response to the letter of Ronald Coleman, Esq. (Dkt. 37), attorney for defendants, to make two points.

  First, the parties agree that defendants' motion to dismiss (Dkt. 29) should be reactivated and decided.  (We believe that the analysis in the decision <u>North Jersey Media Group v. Fox News</u>, 13 Civ. 7153 (S.D.N.Y. February 10, 2015), should be dispositive.  Defendants disagree.)

  Second, the suggestion of Mr. Coleman that "defendants did enter into a settlement with plaintiff" is incorrect.   Defendants did not act as if they intended to complete a settlement.  Rather, defendants acted as if they wanted to be in settlement negotiations indefinitely.  Here is the chronology.

  1.  Before Christmas 2014, the parties had agreed in principle upon a settlement amount.

  2.  Since the time of the agreement upon a settlement amount, until at least February 10, 2015, the parties could not agree on the terms that would keep the amount of the settlement confidential. Defendants insisted on this term.  Plaintiff owns the second largest newspaper in the State of New Jersey, and would prefer that the truth be told.

Hon. Claire C. Cecchi
February 17, 2015
Page 2

    3.     At a telephone conference with Magistrate Judge Falk on January 29, 2015, I stated that the areas of disagreement were narrow, but that if the parties could not complete the settlement within 10 days, the settlement could not be completed.

    4.     Between the end of that conference on January 29, 2015, and February 2, 2015, the parties exchanged no fewer than 5 e-mails, including a proposal that I sent to defendants' counsel on January 30, 2015, at 10:59 a.m.

    5.     On Monday, February 2, 2015, at 6:29 pm, I wrote to defendants' counsel, Mr. Coleman:

> "Ron, any word on this?"

    6.     At 6:34, Mr. Farkas, his associate, wrote back to me:

> "Hi Bill – We're expecting to be able to speak with our client tomorrow or Wednesday, and will get back to you ASAP afterwards."

    7.     Having heard nothing by Wednesday despite the promise of defendants' counsel, I wrote back on Thursday, February 5, 2015, at 1:52 pm, stating:

> "Have you made any progress?"

    8.     Four minutes later, Mr. Farkas wrote to me staying:

> "We'll be in touch shortly."

    9.     Having heard nothing, on Monday, February 9, 2015, at 8:15 am, I wrote to counsel for defendants:

> "Have you made any progress?"

    10.    Within minutes on February 9, 2015 at 8:38 am, Mr. Farkas wrote to me:

> "Working on it. **Should have something for you this week**."

    11.    Mystified that counsel for defendants were not even able to commit to get back to me by the end of the week, I wrote to them at 12:34 pm on February 9, 2015:

> "We told the Magistrate on 1/29 that if this settlement could not be finalized within 10 days, it cannot be finalized. We are no further along now than we were before Christmas. Moreover, since 1/29, we believe that our position has strengthened.

>**Accordingly, unless we have a signed agreement resolving this by the close of business tomorrow, we plan to write to the Judge and ask her to reactivate the pending motions, and decide them.**"

12. **Eleven minutes later** at 12:45 pm, on February 9, 2015,

>"We **suggest** the following, which is essentially what you'd proposed before but with minor tweaks and the addition of a third clause:
>
>Notwithstanding the foregoing, the parties further agree that: (1) news reporters for the plaintiff are free to report on the existence of the settlement, and about whatever facts they learn from sources other than NJMG; (2) the parties or their respective attorneys or agents may respond to questions about the litigation posed by any third party, except that statements about the case must be limited to confirming its settlement and directing the third party to the court file; and (3) this settlement specifically incorporates, and does not replace, the terms of the Confidentiality Agreement entered into by counsel on September 13, 2013.
>
>Let us know."

Because defendants' counsel had been unable to reach their clients 11 minutes before this e-mail, it seemed odd to me that this was a firm proposal, as opposed to another effort to waste time by keeping the confidentiality term up in the air. (The word "suggest" is vague.) I nevertheless assumed it to be a firm proposal, but wanted to keep our earlier deadline in place.

13. On February 9, 2015, at 5:22 pm, I wrote to counsel for defendants:

>"I think that we are in agreement as to the attached settlement agreement.
>
>I am also attaching to this e-mail the 9/13/13 agreement, so there is no confusion as to what this is.
>
>**Please return a signed copy of the settlement agreement to me in pdf by the close of business tomorrow**."

14. We did not hear from defendants by the close of business the next day.

15. After the dilatory behavior defendants had exhibited during the prior six weeks, after defendants were given more than a reasonable opportunity to complete the settlement on the financial terms agreed upon before Christmas even though plaintiff had received a very favorable decision in NJMG v. Fox News, and after receiving no response from defendants within this time frame that we set for writing to the Court, we wrote to the Court on February 11, 2015 (Dkt. 36) and asked for the motions to be decided.

Hon. Claire C. Cecchi
February 17, 2015
Page 4

      16.    If defendants want to blame someone for not completing the settlement, they have no one to blame but themselves.

                                                  Respectfully yours,

                                                  William Dunnegan

cc:  All counsel of Record (By ECF)