DUNNEGAN & SCILEPPI LLC
ATTORNEYS AT LAW
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118

212-332-8300
212-332-8301 TELECOPIER

December 11, 2015

By ECF

Hon. Claire C. Cecchi
United States District Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07101

Re: North Jersey Media Group v. SarahPac
14 Civ. 0553 (CCC)(MF)

Dear Judge Cecchi,

Along with Jennifer Borg, Esq., General Counsel of plaintiff North Jersey Media Group Inc., we are attorneys for plaintiff in the above action.

As the Court requested during the telephone conference of December 1, 2015, we are writing to address whether: (i) plaintiff had the right to terminate settlement negotiations after defendants failed to return a signed version of the settlement agreement by the close of business on February 10, 2015, as plaintiff's counsel required in an e-mail on February 9, 2015 (Dkt. 47-2 at 2/2), and (ii) whether defendants' counsel had authority before the close of business on February 10, 2015, to accept the written offer plaintiff's counsel transmitted to him on January 30, 2015, and the consequence if he did not have that authority.

I.  There Was No Enforceable Settlement Agreement Absent
    Defendants' Signature Accepting The Written Offer Before February 10, 2015.

No settlement agreement could exist in this case until one party accepted a legally sufficient offer of the other while it was in effect. As explained below, that never happened.

The communications between the parties on or before December 18, 2014, did not result in the acceptance of a legally sufficient offer. No offer discussed on or before that date contained all the material terms of an agreement, including a confidentiality clause. (Dkt. 47-2 at 2/2) Defendants do not appear to contend otherwise.

Thereafter, neither party ever accepted a legally sufficient offer of the other while it was in effect. From December 18, 2014, to at least February 10, 2015, defendants pretended to negotiate, but did not make, or accept, a legally sufficient settlement offer that would have resulted in a contract if the other party accepted it. (See the chronology in Dkt. 38) Defendants do not appear to contend otherwise.

Hon. Claire C. Cecchi
December 11, 2015
Page 2

By email on January 30, 2015, plaintiff made defendants a legally sufficient settlement offer. (Dkt. 47-8 at 2/3)  Defendants stalled, apparently unwilling to commit to a deal.  On February 9, 2015, plaintiff made the acceptance of the settlement offer conditional upon defendants signing the proposed written agreement and returning it to plaintiff by the close of business on February 10, 2015. (Dkt. 47-6 at 2/2; "Accordingly, unless we have a signed agreement resolving this by the close of business tomorrow, we plan to write to the Judge and ask her to reactive[at]e the pending motions, and decide them.").

Plaintiff had every right to attach terms to its settlement offer, including the requirement of a signature.  <u>Harrison v. Nissan Motor Corp. in U.S.A.</u>, 111 F.3d 343, 348 n. 8 (3d Cir. 1997)(quoting <u>Kroeze v. Chloride Group Ltd.</u>, 572 F.2d 1099, 1105 (5th Cir. 1978))("'The offeror is the master of his offer. An offeror may prescribe as many conditions, terms or the like as he may wish, including but not limited to, the time, place and method of acceptance.'"); <u>Leodori v. CIGNA Corp.</u>, 175 N.J. 293, 306, 814 A.2d 1098, 1107 (N.J. 2003)("Defendant's own documents contemplated plaintiff's signature as a concrete manifestation of his assent. As already noted, the Agreement that accompanied the 'You and CIGNA' handbook includes a place for employees to sign. Moreover, the Agreement instructs that its terms cannot be changed, 'except in writing signed by [the employee] and the president of the Company.' The opening page of the handbook mirrors that requirement. Our contract law does not permit defendant to contemplate or require plaintiff's signature on an agreement and then successfully to assert that the omission of that signature is irrelevant to the agreement's validity. *Cf. Restatement (Second) of Contracts* § 60 (1981) (instructing that offeree must comply with offeror's prescribed manner of acceptance to create contract)."  Indeed, plaintiff could have revoked the offer in its entirety. 53 days had elapsed since the parties appeared to reach an agreement on the monetary amount of the settlement, and defendants did not appear to want to do anything other than procrastinate.

There is no dispute that defendants did not sign the written offer and return it to plaintiff by the close of business on February 10, 2015, when the offer expired.  In fact, defendants never signed it, or tendered the money due pursuant to it. (Dkt. 47-9)  Accordingly, no meeting of the minds, and hence no contract, resulted because defendants did not accept the offer according to its terms while the offer was in effect.

II.     Because Defense Counsel Lacked Authority To Execute The
        Settlement Agreement By The Close Of Business On February 10, 2015,
        <u>There Was No Meeting Of The Minds Even If A Signature Was Not Required.</u>

At the telephone conference on December 1, 2015, counsel for defendants admitted that he lacked authority to execute the settlement agreement on or before February 10, 2015.  He even asserted that plaintiff's counsel knew that defense counsel lacked such authority.

Hon. Claire C. Cecchi
December 11, 2015
Page 3

      Accordingly, on February 11, 2015, defendants were still considering the written offer that plaintiff made, which had expired at the close of business on February 10, 2015.  (Dkt. 47-9 at 2/3)   Defendants could not make a timely decision as to whether they wanted to proceed with the settlement.  Plaintiff exhibited great patience by waiting 53 days to put an end to negotiations defendants would not complete.

      We respectfully request that the Court deny the motion of defendants.

                      Respectfully yours,

                        William Dunnegan

Cc:    Ronald Coleman, Esq. (by e-mail)